**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

CHRISTOPHER STRAUB,

    Plaintiff,

v.                                       Case No: 5:16-cv-342-Oc-30PRL

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY,

    Defendant.

## SUMMARY JUDGMENT ORDER

Christopher Straub sued State Farm Mutual Automobile Insurance Company for denied UM benefits stemming from a 2015 accident. Whether Straub is entitled to benefits turns solely on whether the motorcycle he was driving is a vehicle. Because the Court concludes that a motorcycle is a vehicle under the terms of the State Farm policies, State Farm is entitled to summary judgment in its favor.

## UNDISPUTED MATERIAL FACTS

State Farm issued three automobile insurance policies to Kristen and Robert Cusack for their three cars (collectively, the "Cusack Policies"). The policies provided for unstacked uninsured or underinsured ("UM") benefits, subject to the following exclusion:

    **Exclusions**
    THERE IS NO COVERAGE:
    2.    FOR AN ***INSURED*** WHO SUSTAINS ***BODILY INJURY***:
            a.    WHILE ***OCCUPYING*** A VEHICLE ***OWNED BY YOU*** OR ANY ***RESIDENT RELATIVE*** IF IT IS NOT ***YOUR CAR*** OR A ***NEWLY ACQUIRED CAR***;

(**bold italics**, in original policies, indicate terms defined by the policies).

In 2014, Kristen Cusack's son, Christopher Straub, moved in with the Cusacks. Straub owned an uninsured 2012 Harley Davidson motorcycle. Neither Straub nor the Cusacks ever contacted State Farm to insure his Harley or inform State Farm that Straub was living with the Cusacks.

On October 29, 2015, Straub was driving his motorcycle when he was involved in an accident. Despite Straub believing that State Farm did not provide coverage for him,[1] he filed suit in February 2016 seeking UM benefits under the three Cusack Policies.

## SUMMARY JUDGMENT STANDARD

Motions for summary judgment should be granted only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (internal quotation marks omitted); Fed. R. Civ. P. 56(c). The substantive law applicable to the claimed causes of action will identify which facts are material. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

This Court may not decide a genuine factual dispute at the summary judgment stage. *Fernandez v. Bankers Nat'l Life Ins. Co.*, 906 F.2d 559, 564 (11th Cir. 1990). "[I]f factual issues are present, the Court must deny the motion and proceed to trial." *Warrior

---

[1] At deposition, Straub testified that before the accident he did not believe State Farm covered him "in any form or fashion" when he was driving his motorcycle. He also said he did not contact State Farm after the accident because it "wasn't my insurance company." (Doc. 21-2).

*Tombigbee Transp. Co. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983). A dispute about a material fact is genuine and summary judgment is inappropriate if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 248; *Hoffman v. Allied Corp.*, 912 F.2d 1379, 1383 (11th Cir.1990). However, there must exist a conflict in substantial evidence to pose a jury question. *Verbraeken v. Westinghouse Elec. Corp.*, 881 F.2d 1041, 1045 (11th Cir. 1989).

## DISCUSSION

Both parties agree to the material facts and ask the Court to interpret the Cusack Policies' UM benefits exclusion.[2] Interpretation of an insurance policy is a pure question of law, so the issue is appropriate for summary judgment. *EmbroidMe.com, Inc. v. Travelers Prop. Cas. Co. of Am.*, No. 14-10616, --- F.3d ---, 2017 WL 74694, at *4 (11th Cir. Jan. 9, 2017).

This appears to be a very straightforward question—is a motorcycle a vehicle?—yet the parties have taken ample space to make their arguments. In sum, Straub argues that the undefined term "vehicle" in the UM benefits exclusion either (1) means "motor vehicle" as that term is defined in the Cusack Policies, or (2) is ambiguous and should be interpreted against State Farm to mean "motor vehicle." Straub, no doubt, makes this argument because the Cusack Policies define a "motor vehicle" as "a vehicle with four or more wheels…." Thus, if the UM benefits exclusion only applies to four-wheeled "motor

---

[2] The parties agree that Straub is a "resident relative" who "owned" the motorcycle and was "occupying" it during the accident. The parties also agree that the motorcycle is not "your car" or a "newly acquired car" as those terms are defined in the Cusack Policies.

3

vehicles," then the accident while Straub was on his two-wheeled motorcycle would not be excluded from coverage.

Conversely, State Farm argues (1) the term "vehicle" in the UM benefit exclusion should be given its plain meaning; (2) that the two-wheeled motorcycle constitutes a "motor vehicle" under the Cusack Policies, according to *Grant v. State Farm Fire & Cas. Co.*, 638 So. 2d 936 (Fla. 1994); and (3) that any interpretation finding coverage would be absurd since Straub never asked for UM coverage for his motorcycle, never paid for UM coverage, and never believed he had UM coverage.

The Court agrees with State Farm's first argument (and will not address the others). "[W]here the language in an insurance contract is plain and unambiguous, a court must interpret the policy in accordance with the plain meaning so as to give effect to the policy as written…." *Atl. Marine Florida, LLC v. Evanston Ins. Co.*, 775 F.3d 1268, 1277 n.25 (11th Cir. 2014) (quoting *Wash. Nat'l Ins. Co. v. Ruderman,* 117 So.3d 943, 948, 952 (Fla. 2013)). The UM benefits exclusion uses the undefined term "vehicle." The plain meaning of the term "vehicle" certainly encompasses a motorcycle.[3]

This conclusion is also impliedly supported by the Cusack Policies. As noted above, the Cusack Policies define a "motor vehicle" as "a vehicle with four or more wheels…." This definition implies that there could be "vehicles" with fewer than four wheels that are

---

[3] A quick search of case law reveals a plethora of cases referring to motorcycles as vehicles in layman terms. *See e.g.*, *Brannan v. GEICO Indem. Co.*, 569 F. App'x 724 (11th Cir. 2014); *State Farm Mut. Auto. Ins. Co. v. Duckworth*, 648 F.3d 1216, 1234 (11th Cir. 2011); and *Grant*, 638 So. 2d 936. And the dictionary and statutory definitions cited by State Farm support this conclusion.

4

simply undefined. So, contrary to Straub's argument, there is nothing inconsistent with interpreting the Cusack Policies to allow for a two-wheeled "vehicle."

Straub's arguments also run afoul of Florida law on interpretation of insurance policies. Straub asks the Court to rewrite the UM benefits exclusion to add the word "motor" before "vehicle"—and bold and italicize the words to show they should be given the defined meaning. But courts cannot rewrite insurance policies. *Saha v. Aetna Cas. & Sur. Co.*, 427 So. 2d 316, 317 (Fla. Dist. Ct. App. 1983). Straub also asks the Court to deem "vehicle" ambiguous because it is undefined and construe it against State Farm. But a term is not ambiguous just because it is undefined. *Hegel v. First Liberty Ins. Corp.*, 778 F.3d 1214, 1220 (11th Cir. 2015). And the rule that ambiguous language should be construed against insurers does not apply because there is no "genuine inconsistency, uncertainty, or ambiguity" in the Cusack Policies when vehicle is given its plain meaning. *Id.*

Accordingly, it is ORDERED AND ADJUDGED that:

1. Plaintiff Christopher Straub's Motion for Summary Judgment (Doc. 20) is DENIED.

2. Defendant State Farm Mutual Automobile Insurance Company's Motion for Summary Judgment (Doc. 21) is GRANTED.

3. The Clerk is directed to enter final judgment in favor of Defendant State Farm Mutual Automobile Insurance Company, and against Plaintiff Christopher Straub, declaring:

    a. Plaintiff Christopher Straub, a resident relative under the insurance policies, was occupying a vehicle owned by him that was not defined as

"your car" or a "newly acquired car" at the time of the October 29, 2015 accident between Straub and Catherine Lynn Swanson.

b. None of the State Farm Mutual Automobile Insurance Company policies issued to Kristen and Robert Cusack (policies 203957659F, 203957659D, and D39784859) provide coverage for uninsured or underinsured motorist benefits to Plaintiff Christopher Straub for the October 29, 2015 accident between Straub and Catherine Lynn Swanson.

4. All pending motions are denied as moot. The Clerk is directed to close this case.

**DONE** and **ORDERED** in Tampa, Florida, this 18th day of January, 2017.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

6